OTTO MILLER *vs.* WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Administrator of Samuel D. Forbes, deceased.

*Promissory Note—Affidavit of Demand—Sufficiency.*

1. Where it appears in an affidavit of demand that the note sued upon, is the plaintiff's cause of action in the suit; that the affiant is the plaintiff therein; that there is due and owing to him therein from the defendant a specified sum with interest from a given date, *prima facie,* the plaintiff, at the time the action was brought, was the holder and owner of the note.

2. When in an action on a note against the defendants, "administrator of Samuel D. Forbes, deceased," the note was signed, S. D. Forbes; and the plaintiff, in his affidavit of demand saith that he is the plaintiff in the action, that the note constitutes his cause of action, and that there is due from the defendant a specified sum, with interest, from a given date, it sufficiently appears that the plaintiff was, at the time the action was brought, the holder and owner of the note sued on, and that the maker of the note and the person whose administrator is sued are one and the same person.

(*March* 16, 1910.)

PENNEWILL. C. J. and BOYCE, J., sitting.

*J. Frank Ball* for plaintiff.

*H. H. Ward* for defendant.

Superior Court, New Castle County, March Term, 1910.

ACTION OF ASSUMPSIT (No. 84, March Term, 1910).

Affidavit of demand filed. Motion that judgment be refused notwithstanding the affidavit of demand.

The affidavit of demand of the plaintiff alleged, "that annexed hereto is a copy of a promissory note sued upon in this action; that the sum demanded of the said defendant is seven thousand dollars ($7000.00) with interest from the seventh day of August, A. D. 1906; and said deponent further says that he verily believes that the same is justly and truly due from the said defendant to the said plaintiff."

The note annexed to the affidavit was as follows:

"$7000.00          WILMINGTON, DEL., Aug. 7th, 1906.

Three years after date I promise to pay to the order of M. C. Hartman at the NATIONAL BANK OF WILMINGTON AND BRANDY-WINE Seven thousand dollars with interest without defalcation for value received.

S. D. FORBES.

(Endorsed): M. C. HARTMAN."

PENNEWILL, C. J., delivering the opinion of the Court:

A motion has been made by the defendant in the above stated case that judgment be refused notwithstanding the affidavit of demand, on two grounds.

It is contended *first*, that it does not appear from the plaintiff's affidavit, and the copy of the promissory note filed therewith, that the said plaintiff is the owner of the note which constitutes his cause of action, or that he has any title thereto.

It does, however, appear that the parties to the action are *Otto Miller vs. Wilmington Trust Company*, and that the note, a copy of which is filed with the affidavit, is the plaintiff's cause of action in the said suit. The plaintiff in the action, Otto Miller, swears that he is the plaintiff therein, that the said note constitutes his cause of action, and that there is due and owing to him

Opinion.

thereon from the defendant the sum of seven thousand dollars, with interest from the seventh day of August, A. D. 1906. We think, therefore, that it does appear, *at least prima facie*, that the plaintiff is, and was, at the time the action was brought, the holder and owner of the note sued on. Such would seem to be the only reasonable and natural conclusion.

The second ground, urged by the defendant in support of his motion, is that the action is against Wilmington Trust Company, Administrator of Samuel D. Forbes, while the note which constitutes the cause of action is signed by S. D. Forbes. It is contended, therefore, that it does not appear that the person whose administrator is sued, is the person who signed the note.

We think the action being on the note signed by S. D. Forbes, and against Wilmington Trust Company, Administrator of Samuel D. Forbes; and the plaintiff having sworn that there is due and owing from the administrator of Samuel D. Forbes the sum represented by the note, it does sufficiently appear that the maker of the note and the person whose administrator is sued, are one and the same person. If it is not so, it is incumbent on the defendant to show it.

We are of opinion that the reasons urged in support of the motion are not sufficient to warrant the Court in refusing judgment upon the affidavit filed, especially when the plaintiff in his affidavit has complied with all the specific requirements of the statute in that behalf.

The motion is refused.